UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NADRECA REID,

                              Plaintiff,        Case No. 25-cv-5532-JHR-SHS

      - against -

TREASURES OF NYC GLOBAL, LLC,

                              Defendant.
-------------------------------------------------------------X

**PLAINTIFF'S MEMORNDUM OF LAW IN OPPOSITION TO**
**DEFENDANT, TREASURES OF NYC GLOBAL, LLC'S, MOTION TO DISMISS**

                                                                               **SHAKED LAW GROUP, P.C.**
                                                                               Dan Shaked, Esq.
                                                                               14 Harwood Court, Suite 415
                                                                               Scarsdale, NY 10583
                                                                               Tel. (917) 373-9128
                                                                               Email: ShakedLawGroup@gmail.com
                                                                               *Attorneys for Plaintiff*

## **TABLE OF CONTENT**

PRELIMINARY STATEMENT……………………………………………………………..1

INTRODUCTION…………………………………………………………………………….1

FACTUAL BACKGROUND…………………………………………………………………1
    I.      The Parties………………………………………………………………….2
           A. The Plaintiff……………………………………………………………2
           B. The Defendant…………………………………………………………3

STANDARD OF REVIEW……………………………………………………………………3

ARGUMENT…………………………………………………………………………………..5

    I.      Plaintiff has Standing………………………………………………………..5

CONCLUSION………………………………………………………………………………..7

# TABLE OF AUTHORITIES

*Bassaw v. United Indus. Corp.*, 19-cv-7559 (JMF), 2020 U.S. Dist. LEXIS 157800 (S.D.N.Y. Aug. 31, 2020)………………………………………………………..………..…..4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………...…………..4

*Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) …………………………...6

*Fernandez v. Vanilla Chip, LLC*, 2025 U.S. Dist. LEXIS 73831 (S.D.N.Y. 2025), No. 24-CV-5639 (JLR) (S.D.N.Y. April 18, 2025)……………………………………….7

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001)…………………………………….…..3

*Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63 (2d Cir. 2012)……………4

*Riley v. Baggu Corporation*, No. 24-CV-9000 (HJR) (S.D.N.Y. Aug. 5, 2025)………….…..7

*Sanchez v. Nutco, Inc.*, 20-cv-10107 (JPO), 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022)…………………………………………………………………..4

*Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 U.S. Dist. LEXIS 210720 …………………………………………………….7

*Weekes v. Outdoor Gear Exch., Inc.*, 2023 WL 2368989 (S.D.N.Y. Mar. 6, 2023)……….…..4

*Young v. Metro Learning Inst., Inc.*, 2023 U.S. Dist. LEXIS 23206 (S.D.N.Y. Feb. 10, 2023)..5

## STATUTES

Americans with Disabilities Act………………………………………………….*passim*

New York City Human Rights Law……………………...……………………..………..*passim*

New York State Civil Rights Law……………..…………………………………….*passim*

New York State Human Rights Law……………………………………………….*passim*

## PRELIMINARY STATEMENT

Plaintiff, Nadreca Reid, a legally blind person, submits the following in opposition to the Motion to Dismiss ("MTD" or "Motion"), dated August 28, 2025, filed by the defendant, Treasures of NYC Global, LLC ("Defendant" or "Treasures of NYC"), arguing that Plaintiff failed to allege a concrete and particularized injury-in-fact and failed to demonstrate a likelihood of future harm.

## INTRODUCTION

When a motion to dismiss is filed at exactly midnight a day before a three-day weekend, you can surmise that the motions' intent is more to harass than to make an argument on the merit. This is further highlighted by Defendant's utter disregard of Your Honor's Individual Rules and Practices. Paragraph 5B required (a) table of authorities – none was provided; (b) certificate of compliance with word-count limitations – none was provided. Paragraph 5F requires a letter detailing why oral argument would be beneficial – none was provided. Defendant's bareboned conclusory allegations further support this nefarious intent.

Defendant alleges that Plaintiff lacks standing. As described in more detail below, this is a case-specific analysis which is to be determined by a jury at trial, and in this case, Plaintiff pleaded standing adequately.

## FACTUAL BACKGROUND

Plaintiff filed the Complaint ("Comp.") on July 3, 2025. The lawsuit seeks injunctive relief and monetary damages against Treasures of NYC for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff. Defendant is denying Plaintiff with equal access to the goods and services Treasures of NYC provides to its non-disabled customers through its website,

1

www.treasuresofnewyorkcity.com (hereinafter the "website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the following: the Americans with Disabilities Act ("ADA"; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; the New York State Civil Rights Law, § 40 *et seq.* ("NYSCRL") and § 40-c *et seq.*; and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq.* ("NYCHRL") (jointly, the "Disability Statutes").

I.  **The Parties**

   A. **The Plaintiff**

Plaintiff Nadreca Reid is a visually-impaired and legally blind person - born blind as a result of an incurable genetic disorder known as *leber congenital amaurosis*. Plaintiff is a member of a protected class under the Disability Statutes. She uses Job Access With Speech ("JAWS") screen reader software, among other screen readers, to read website content on her personal computer. Comp. ¶¶22, 32. She has twenty (20) years' experience using JAWS and other screen readers.

Plaintiff made multiple attempts—none of which were successful—to use Defendant's website to make an online purchase of the Chanel Gold Logo Earring and the Dior Canvas Rasta Logo Wallet for delivery to her home Comp. ¶¶ 10, 39. She visited the Website on numerous occasions in order to complete a purchase, most recently on June 13, 17, and 28 of 2025. *Id.* ¶ 39. Plaintiff was unable to complete the purchase because the Website contains multiple access barriers that denied Plaintiff full and equal access to the products offered on the Website. The barriers include (collectively, the "Access Barriers"), without limitations:

- Plaintiff was unable to access the skip to content button;
- Plaintiff was unable to access the 'Treasures Clubhouse;'

2

- Plaintiff was unable to shop the treasures vintage collection in 'real life;'
- Plaintiff was unable to make an appointment to visit the shop in person;
- Plaintiff was unable to access the 'Size Guides' and did not know what size to purchase;
- Plaintiff was unable to determine if a size option was sold out;
- Plaintiff was unable to change the quantity of any product;
- Plaintiff was unable to access the discount code/gift card input field during checkout;
- Plaintiff encountered numerous access barriers to the website including: lack of alt-text on graphics, inaccessible drop-down menus, lack of navigation links, lack of adequate prompting and labeling, etc.

*Id.* at 30-32.

These Access Barriers existed at the times Plaintiff was on the Website and continue to exist today. Plaintiff was denied and continues to be denied equal access to the Website. Plaintiff maintains a strong desire, however, to make purchases of products sold on the Website. Plaintiff remains expectant that the Access Barriers will be cured expeditiously, as Plaintiff unequivocally intends to return to the Website to complete the desired purchase and to make additional purchases in the future.

### B. The Defendant

Defendant, Treasures of NYC, is an online retail company that owns and operates the Website. Defendant provides consumers with access to an array of goods and services, including, the ability to view and purchase luxury designer vintage fashion and accessories at discounted prices. Comp. ¶¶ 19, 25.

### STANDARD OF REVIEW

New York federal courts have developed substantial case law concerning website accessibility actions under the ADA, which this Court should respectfully find highly persuasive in denying this Motion to Dismiss.

Courts should not prematurely dismiss complaints of civil rights violations. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). "As a remedial statute, the ADA must be broadly

3

construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012). Similarly, in reviewing standing under the ADA, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act. *See. Sanchez v. Nutco, Inc.*, 20-cv-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *5 (S.D.N.Y. Mar. 22, 2022).

When examining a motion to dismiss an ADA claim for lack of subject matter jurisdiction, a court must "take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Bassaw v. United Indus. Corp.*, 19-cv-7559 (JMF), 2020 U.S. Dist. LEXIS 157800, at *4 (S.D.N.Y. Aug. 31, 2020). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plus, in the context of a [motion to dismiss], "the Court may consider evidence outside the pleadings to resolve the disputed jurisdictional fact issues." *Weekes v. Outdoor Gear Exch., Inc.*, 2023 WL 2368989 at *2 (S.D.N.Y. Mar. 6, 2023).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Nutco*, 2022 U.S. Dist. LEXIS 51247 at *14-*15 (quoting *Twombly*, 550 U.S. 544, 548 (2007). A plaintiff pleads such facial plausibility by including "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at *15. All reasonable inferences are drawn in the plaintiff's favor. *Id*. The court's review is "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits and any documents incorporated in the complaint by reference." *Id*.

4

## ARGUMENT

### I. Plaintiff Has Standing

Defendant rehashes the requirements for standing in a website accessibility case in the Second Circuit - yet, Defendant fails to point to any facts in support of its argument. **Nowhere in its Memorandum of Law does Defendant argue that Plaintiff did not meet a single one of these requirements, so Plaintiff's standing must be accepted as true.** Sure, it's easy to find cases where a Plaintiff has failed to plead an injury and Defendant has pointed to a few. However, where the Plaintiff suffers an injury and properly pleads that she has been injured by Defendant and where Plaintiff clearly demonstrates an intent to return, the standing requirement has been met.

Defendant provides arguments in broad strokes, none of which are accurate. First, it relies on a case where the plaintiff was a "self-identified tester." *See Young v. Metro Learning Inst., Inc.*, 2023 U.S. Dist. LEXIS 23206 (S.D.N.Y. Feb. 10, 2023). Nowhere in Plaintiff's complaint does she claim to be a tester. Secondly, Defendant alleges that the complaint "has not alleged any specific barriers encountered on Defendant's website" and that "Plaintiff has not alleged . . . plans to return to the website." *Def. Memo* at pg. 5. This is simply wrong, as is described below.

Any way you cut it, Plaintiff has met her standing requirements. Plaintiff explained that she (a) attempted to purchase specific products, i.e. the Chanel Gold Logo Earring and the Dior Canvas Rasta Logo Wallet; Comp. ¶ 39 (b) on specific dates, i.e. most recently on June 13, 2025; June 17, 2025; and June 28, 2025; Comp. ¶ 39 and (c) encountered specific accessibility barriers which made it impossible for her to make those purchases (the Access Barriers set forth above and in paragraph 32 of the Complaint). Plaintiff also explained, in detail, her interest in Defendant's products, how she became aware of Defendant's products, and why he will continue

to purchase Defendant's products in the future. Comp. ¶ 39. Specifically, Plaintiff explained that "[she] really likes Louis Vuitton and Gucci accessories and shoes and is hoping to return to the website to purchase some of those products as well as other named-brand products in the future." *Id*. It does not get more specific than that.

In the Second Circuit, for standing purposes, courts examine a plaintiff's intent to return "to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) at 74–75. The inquiry is not supposed to be complex or tricky; it is "a context-specific task that requires a reviewing court to draw on its judicial experience and common sense," mainly assessing the plausibility of a plaintiff's allegations. *Id*. (quoting *Iqbal*, 556 U.S. at 679). In considering whether a plaintiff's intent to return is plausible, "courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future." *Angeles, v. Grace Prod., Inc.*, 2021 WL 4340427, at *2 (S.D.N.Y. Sept. 23, 2021); *see also Calcano v. Cole Haan LLC*, 2021 WL 849434 *2 (S.D.N.Y. Mar. 5, 2021) (criteria for in-store context).

Here, for starters, Plaintiff has adequately established her interest in Defendant's products and an intent to return based on the well-pled allegations in her complaint. Specifically, she likes to purchase vintage clothing due to its timeless style and unique designs. She likes to wear designer fashion. She noticed on social media that Defendant has been trending. She likes that Defendant's products have been favored by many celebrities. She likes that Defendant's fashions feature unique and rare pieces. She prefers products sold on Defendant's website to those of other, similar companies and will continue to make purchases on Defendant's website if it was

6

accessible. *See* Comp. ¶ 39. That should be more than enough to satisfy the basic pleading requirements establishing intent to return under the ADA. *See Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 U.S. Dist. LEXIS 210720 at *9-10 (habit of eating chocolate and interest in Almond Mini Bars); *see also Walters*, No. 6:21-CV-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148 at *9-11 (demonstrating an intent to return "to research and potentially purchase products and explore the services [offered] … in advance of his next ski trip."); *see also Sanchez*, No. 20-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247 at *5 (interest in "pistachio nuts and other snack foods, tak[ing] advantage of discounts and promotions, and understand[ing] different product details… ."); *see also Angeles*, No. 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317 at *4-5 (interest in chemical-free beauty products).

As recently as August 5, 2025, Magistrate Judge Henry J. Ricard of this very Court, held, in a case where a defendant also argued that a blind person did not have standing, that "[a]t this stage, when the Court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, [plaintiff] has sufficiently alleged that she has a past injury that was not merely an information injury." *Riley v. Baggu Corporation*, No. 24-CV-9000 (HJR) (S.D.N.Y. Aug. 5, 2025). *Also See Fernandez v. Vanilla Chip, LLC*, 2025 U.S. Dist. LEXIS 73831 (S.D.N.Y. 2025), No. 24-CV-5639 (JLR) (S.D.N.Y. April 18, 2025) ("The Court finds that these allegations are sufficient to support Plaintiff's claim that she intends to return to the Website to purchase a specific product that she desired.")

In sum, Plaintiff has properly alleged facts to establish standing to sue under the Disability Statutes. Therefore, Defendant's Motion to dismiss Plaintiff's action for lack of standing should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion, and order such other and further relief as may be appropriate or necessary in favor of Plaintiff Pedro Martinez.

Dated: September 11, 2025
Scarsdale, New York

Respectfully submitted,

/s/Dan Shaked
Dan Shaked
Shaked Law Group, P.C.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
E-mail: ShakedLawGroup@gmail.com
*Attorney for Plaintiff*

## AFFIRMATION OF WORD COUNT

Dan Shaked, hereby affirms the following to be true under penalty of perjury:

1. I am an attorney in good standing with the law firm of Shaked Law Group, P.C. I represent Nadreca Reid, the Plaintiff ("Plaintiff") in this action.
2. In accordance with Rule 5B of the Individual Rules and Practices in Civil Cases of Judge Jennifer H. Rearden, I hereby certify to the word count in this Memorandum of Law in Opposition to Defendant's Motion to Dismiss.
3. I make this affirmation in reliance upon the word count feature of the Word processing system used to prepare this document.
4. The above-referenced document includes 2,197 words, exclusive of the caption and the signature block. As such, this document complies with the strictures outlined in Rule 5B.

Dated: September 11, 2025

/s/Dan Shaked
Dan Shaked